Robert E. BROOME and Mildred R.
Broome
v.
UNITED STATES.
No. 225–56.

United States Court of Claims.
March 4, 1959.

John P. Allison, New York City, for plaintiff.

Theodore D. Peyser, Jr., Washington, D. C., with whom was Charles K. Rice, Asst. Atty. Gen., for defendant. James P. Garland, Washington, D. C., was on the brief.

PER CURIAM.

This case was referred by the court, pursuant to Rule 45(a), 28 U.S.C., to Mastin G. White, a trial commissioner of the court, with directions to make findings of fact and recommendations for conclusions of law. The commissioner has done so in a report filed October 17, 1958. When the more than 15 days provided by Rule 46(a) had elapsed after the filing of this report, and neither party had given notice in writing of an in-

tention to except to the recommendations and findings of the trial commissioner, the defendant filed a motion for judgment in accordance with the commissioner's report. Since the court agrees with the recommendations and findings of the commissioner, as hereinafter set forth, it hereby adopts the same as the basis of its judgment in this case. Plaintiffs' petition will be dismissed.

It is so ordered.

Opinion of the Commissioner

The principal question involved in this case is whether Mrs. Broome's checks in the amounts of $16,500, $20,000, and $56,844.02 which were transmitted to the Seaboard Investment Corporation in 1952, 1953, and 1954, respectively, and her check in the amount of $30,870 which was transmitted to the Corporate Finance and Loan Corporation in 1954, constituted interest payments and, therefore, were properly deductible for income tax purposes.

Taking up first the matter of the checks that were transmitted to the Seaboard Investment Corporation, they must be considered in the light of the overall transaction of which they were a part. That transaction involved, at least in form, a sale by Livingstone & Company to Mrs. Broome on October 6, 1952 of U. S. Treasury 1⅜ percent notes having a maturity value of $5,000,000 on March 15, 1954; of a loan by the Seaboard Investment Corporation to Mrs. Broome for the purpose of financing the purchase of the Treasury notes by Mrs. Broome from Livingstone & Company; and of a short sale by the Seaboard Investment Corporation to Livingstone & Company of similar U. S. Treasury notes in the face amount of $5,000,000, to procure funds for the loan to Mrs. Broome. However, the crucial question is whether the transaction under scrutiny was in reality what it appeared to be in form. Johnson v. Commissioner of Internal Revenue, 2 Cir., 1936, 86 F.2d 710, 712.

In reality, this financial round robin was only a paper transaction that did

not involve any real Treasury notes or any real money. No Treasury notes were actually delivered by Livingstone & Company to Mrs. Broome, or to the Seaboard Investment Corporation for her benefit; no payment was actually made to Livingstone & Company by Mrs. Broome, or by the Seaboard Investment Corporation on her behalf, for the Treasury notes purportedly purchased by Mrs. Broome from Livingstone & Company; no payment was actually made by Livingstone & Company to the Seaboard Investment Corporation in connection with the purported short sale of U. S. Treasury notes by Seaboard to Livingstone & Company; and no funds were actually advanced or paid by Seaboard to Mrs. Broome, or to Livingstone & Company on her behalf, under the purported loan from Seaboard to Mrs. Broome.

It is true that actual checks in the amounts of $16,500, $20,000, and $56,-844.02 were subsequently signed by Mrs. Broome and transmitted to the Seaboard Investment Corporation in the guise of interest payments on the purported loan previously mentioned. However, since no loan had actually been made by Seaboard to Mrs. Broome and Mrs. Broome was not actually indebted to Seaboard, her checks to Seaboard could not properly be regarded as interest payments on a nonexistent loan.

Section 23(b) of the Internal Revenue Code of 1939 (26 U.S.C., 1952 ed., 23 (b) allowed interest deductions for income tax purposes only with respect to "interest paid or accrued within the taxable year on *indebtedness* * * *" (emphasis supplied).[1] Therefore, since the remittances from Mrs. Broome to the Seaboard Investment Corporation did not rest upon any obligation, they were not deductible as interest payments for income tax purposes. Brown v. Commissioner of Internal Revenue, 8 Cir., 1957, 241 F.2d 827, 829, 830.

Moreover, in each instance Mrs. Broome received from the Seaboard In-vestment Corporation, in exchange for her remittance, a check for the same amount as her purported payment (except that, for some reason not made plain by the evidence, she only received from Seaboard a $16,000 check in exchange for her remittance in the amount of $16,500).

On the basis of all the evidence, it seems to be plain that the purpose of the Livingstone-Broome transaction pertaining to U. S. Treasury 1⅜ percent notes of March 15, 1954 was to provide the semblance of interest payments for income tax purposes.

The Livingstone-Broome transaction pertaining to U. S. Treasury 1⅜ percent notes of March 15, 1954 was merely one of many similar transactions which Mr. Livingstone consummated for his customers. One of the other persons involved in such a program was Eli D. Goodstein, of Fitchburg, Massachusetts, whose dealings with Livingstone & Company and the Seaboard Investment Corporation were similar in all substantial respects to Mrs. Broome's dealings with Livingstone & Company and Seaboard. The question whether remittances made by Mr. Goodstein to the Seaboard Investment Corporation in 1952 and 1953 as purported interest payments were properly deductible for income tax purposes was considered recently by the Tax Court in the case of Goodstein v. Commissioner of Internal Revenue. In a decision dated August 28, 1958 (30 T.C. 1178), the Tax Court said (at page 1188) that "all the steps taken were pursuant to a preconceived plan which lacked substance and which was entered into solely to form the basis for a claimed tax benefit"; and (at page 1190) that the transaction should be ignored for tax purposes.

I believe that the Tax Court's decision in the Goodstein case was correct, and that it would be proper for this court to hold similarly in the present case that the Livingstone-Broome transaction per-

---

[1]. The Internal Revenue Code of 1954 contains a similar provision. 26 U.S.C., 1952 ed., Supp. V, 163(a).

taining to U. S. Treasury 1⅜ percent notes of March 15, 1954 lacked substance and should be ignored for income tax purposes.

What has been said respecting the purported interest payments to the Seaboard Investment Corporation is equally applicable, in my opinion, to the purported interest payment in the amount of $30,870 by Mrs. Broome to the Corporate Finance and Loan Corporation in 1954. That remittance was part of the Livingstone-Broome transaction pertaining to U. S. Treasury 2½ percent bonds of November 15, 1961, which took the form of a purported sale by Livingstone & Company to Mrs. Broome of such bonds in the face amount of $350,000, of a purported loan by the Corporate Finance and Loan Corporation to Mrs. Broome of funds with which to finance the purchase of the bonds, and of a short sale of such bonds by the Corporate Finance and Loan Corporation to Livingstone & Company for the purpose of securing funds for the loan to Mrs. Broome. However, no U. S. Treasury bonds were actually delivered by Livingstone & Company to Mrs. Broome, or to the Corporate Finance and Loan Corporation for her benefit, pursuant to the purported sale; and no funds were actually advanced or paid by the Corporate Finance and Loan Corporation to Mrs. Broome, or to Livingstone & Company on her behalf, under the purported loan. This was merely a paper transaction, similar to the one previously discussed in connection with the U. S. Treasury 1⅜ percent notes of March 15, 1954.

The bonds transaction can be differentiated to some extent from the notes transaction, on the basis that the promissory note which Mrs. Broome executed in connection with the purported purchase of the bonds did not contain a "no recourse" provision, whereas the promissory note which she executed in connection with the purported purchase of the notes did include such a provision, and that the $30,870 check which Mrs. Broome received in exchange for her purported interest payment in that amount to the Corporate Finance and Loan Corporation did not come directly from that company, but from the Court Finance and Loan Corporation, another member of the Livingstone bevy of nominal lending agencies. However, the controlling feature of the transaction pertaining to the U. S. Treasury 2½ percent bonds was that it did not involve a sale of actual bonds by Livingstone & Company to Mrs. Broome, or a loan of actual funds by the Corporate Finance and Loan Corporation to Mrs. Broome for the financing of such a purchase. Since Mrs. Broome was under no actual obligation to the Corporate Finance and Loan Corporation, her remittance to that company (for which she was reimbursed by another affiliated company) did not constitute a payment of interest.

For the reasons stated above, it is my opinion that the plaintiffs are not entitled to recover, and that their petition should be dismissed.