JACK L. AND JEAN SHERMAN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 74212. Filed May 24, 1960.

*Kenneth W. Bergen, Esq., Josiah A. Spaulding, Esq.*, and *M. Gordon Ehrlich, Esq.,* for the petitioners.

*Raymond T. Mahon, Esq.*, and *John M. Doukas, Esq.*, for the respondent.

314

Raum, *Judge:* 1. As in *Fabreeka Products Co.*, 34 T.C. 290, decided this day, the deduction for so-called amortization of bond premium must be disallowed on the authority of *Maysteel Products, Inc.*, 33 T.C. 1021. This case presents merely a variation of the device which Glunts masterminded, and which was used in the

*Fabreeka* case. When viewed as a whole the transaction seems utterly unreal. For example, why should Sherman have sold $60,000-face-value Illinois bonds to Keizer on May 24, 1955, at a price of 114 and on the very same day have purchased $60,000-face-value Illinois bonds of the identical issue from Keizer at 115? He knew very little about what he was buying and selling, except that he expected, upon Glunts' advice, to acquire a tax deduction. We need not go into further detail. The record speaks for itself. And it is a matter of no consequence that Sherman became panicky and was willing to sustain a loss on the second block of bonds by selling them prior to the expiration of the 6 months' holding period applicable thereto. That the plan failed in part, for whatever reason, to produce the anticipated results does not give Sherman a preferred status in relation to this issue.

2. Petitioner, however, is entitled to deduct the interest which he actually paid on the loans that were made in order to carry out the principal, although taxwise abortive, transactions. *Fabreeka Products Co.*, 34 T.C. 290, decided this day.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

DRENNEN, *J.*, concurs in the result.

ATKINS, *J.*, concurring: A close analysis of the detailed steps taken in pursuance of the plan devised by Glunts, coupled with the apparently arbitrary prices at which the petitioner "purchased" the bonds from Keizer and "sold" them back to him (these prices being at wide variance with the prices paid by others and with the bid and asked prices at or about the same times) shows that the purchases and sales were not at arm's length and lacked substance. A taxpayer may not take advantage of the bond premium deduction provisions of the statute by such artificial transactions as are here involved. However, the indebtedness created was real and the statute specifically permits deduction of the interest thereon. See *L. Lee Stanton*, 34 T.C. 1. Cf. *Eli D. Goodstein*, 30 T.C. 1178, affd. (C.A. 1), 267 F. 2d 127; *Sonnabend* v. *Commissioner*, (C.A. 1) 267 F. 2d 319, affirming T.C. Memo. 1958–178; *Becker* v. *Commissioner*, (C.A. 2) 277 F. 2d 146; and *Broome* v. *United States*, (Ct. Cl.) 170 F. Supp. 613.

KERN, *J.*, agrees with this concurring opinion.

---

PIERCE, *J.*, dissenting: I dissent from the Court's holding on the second issue herein, on the basis of the reasons and the judicial authorities set forth in my dissenting opinions in *L. Lee Stanton*, 34 T.C. 1, and *Fabreeka Products Co.*, 34 T.C. 290 (decided this day).