**Perry NICHOLS and Inez Nichols et al., Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 19706.

United States Court of Appeals
Fifth Circuit.

March 6, 1963.

Cyrus A. Neuman, C. B. Kniskern, Jr., Miami, Fla., James H. Wilson, Jr., Atlanta, Ga., for petitioners.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Norman H. Wolfe, Gilbert E. Andrews, Alex A. Pandaleon, Attys., Dept. of Justice, Washington, D. C., Crane C. Hauser, Chief Counsel, Internal Revenue Service, John M. Morawski, Atty., Internal Revenue Service, Washington, D. C., for respondent.

Before TUTTLE, WOODBURY * and BELL, Circuit Judges.

PER CURIAM.

These are consolidated appeals from the Tax Court involving deficiencies in income taxes. 37 T.C. 772. The claimed interest deductions under § 163(a) of the Internal Revenue Code of 1954, Title 26 U.S.C.A. § 163(a), were properly disallowed. There was no bona fide indebtedness at any time as required by the statute, and thus no "compensation for the

* Of the First Circuit, sitting by designation.

use or forbearance of money." Deputy v. DuPont, 1940, 308 U.S. 488, 60 S.Ct. 363, 84 L.Ed. 416.

In sum, taxpayers were led into the hands of M. Eli Livingstone who offered an enticing plan to save income taxes through deductions for the payment of interest on money borrowed to finance the purchase of government securities, with guaranteed long term capital gains from the sale of the securities. The trouble with the plan was that it was a complete and total sham, utterly lacking in substance. The *sine qua non* of the plan was the purchase of the securities which were, in turn, to secure the debt. They were purchased, but simultaneously sold. Although taxpayers signed notes and paid interest, they could not under any theory be held as indebted under the facts as they appear. For other Livingstone schemes with substantially the same *modus operandi* which have failed to stand muster, see Goodstein v. Commissioner, 1 Cir., 1959, 267 F.2d 127; Sonnabend v. Commissioner, 1 Cir., 1959, 267 F.2d 319; Lynch v. Commissioner, 2 Cir., 1959, 273 F.2d 867; Rubin v. United States, 7 Cir., 1962, 304 F.2d 766; and Broome v. United States, 1959, 170 F.Supp. 613, 145 Ct.Cl. 298.

Taxpayers contend that these cases are distinguishable because they acted in good faith, intending that the transactions be bona fide, and obtained an express representation from Livingstone that there would be no short sale of the securities. The fact is that the corporation which acted for and at the instance of Livingstone as the necessary third party required to perpetrate the fraud represented to taxpayers in writing, after the short sale, in effect that it had Treasury Notes bearing specified numbers in its possession for the account of taxpayers. This representation was as false and fraudulent as the balance of the scheme. Nevertheless we are concerned with what was done, not why it was done. United States v. General Geophysical Co., 5 Cir., 1962, 296 F.2d 86, cert. den., 369 U.S. 849, 82 S.Ct. 932, 8 L.Ed.2d 8. The intent of the taxpayers and their good faith is not involved.

There was no substance to the transaction. It was a sham from beginning to end. The decisions of the Tax Court should be and are

Affirmed.