**Selma ORITT, Executrix, Estate of Samuel Oritt (Deceased) and Selma Oritt**

v.

**The UNITED STATES.**

**No. 252–62.**

United States Court of Claims.

March 18, 1966.

———◆———

George B. Reges, Washington, D. C., attorney of record, for plaintiff. Reges & Reges, Washington, D. C., of counsel.

Philip R. Miller, Washington, D. C., with whom was Acting Asst. Atty. Gen. C. Moxley Featherston, for defendant. Lyle M. Turner and S. Laurence Shaiman, Washintgon, D. C., of counsel.

Before COWEN, Chief Judge, WHITAKER, Senior Judge, and LARAMORE, DAVIS, and COLLINS, Judges.

PER CURIAM:

This case was referred pursuant to Rule 57 to Trial Commissioner William E. Day, with directions to make findings of fact and recommendation for conclusions of law. The commissioner has done so in an opinion and report filed on December 14, 1964. Plaintiffs have excepted to the opinion and certain of the findings of fact. Defendant has requested that the court adopt the commissioner's findings and recommended conclusions of law. The parties have filed briefs and the case has been argued orally. Since the court agrees with the commissioner's findings, his opinion and his recommended conclusions of law, as hereinafter set forth, it hereby adopts the same as the basis for its judgment in this case. Plaintiffs are, therefore, not entitled to recover and their petition is dismissed.

OPINION OF COMMISSIONER

The principal question involved in this case is whether Mrs. Oritt's check in the amount of $563,704.94, which was transmitted to the Nashawena Associates, Inc., (hereinafter referred to as Nashawena), in 1952, constituted a payment of interest on a loan, and thus was deductible for income tax purposes. Petitioner claims that she obtained a loan of $49,621,564.25, from Nashawena and that the payment was interest on the indebtedness thus created.

Section 23(b) of the Internal Revenue Code of 1939 (26 U.S.C. § 23(b) (1952 ed.)) allowed interest deductions for income tax purposes only with respect to "interest paid or accrued within the taxable year on indebtedness * * *." "Interest on * * * indebtedness" has been defined to mean "compensation for the use or forbearance of money", Deputy v. Dupont, 308 U.S. 488, 498, 60 S.Ct. 363, 368, 84 L.Ed. 416 (1940), or "the amount which one has contracted to pay for the use of borrowed money" Old Colony R. Co. v. Commissioner of Internal Revenue, 284 U.S. 552, 560, 52 S.Ct. 211, 214, 76 L.Ed. 484 (1932).

In form, the transaction giving rise to the loan to the taxpayer, involved a sale by Nashawena to Mrs. Oritt on December 24, 1952 of U. S. Treasury notes, 1⅜%, having a par value of $50,000,000 and a due date of March 15, 1954. Mrs. Oritt sent Nashawena a check for $75,-000 as a down payment and supposedly borrowed the remainder of the purchase price from Nashawena. Nashawena in turn bought $25,000,000 par value of 1⅜% Treasury notes due March 15, 1954, from C. F. Childs & Co. and a like amount from C. J. Devine & Co. These security dealers delivered the bonds to the Guaranty Trust Company for Nashawena's account. On the same day, the same bonds were sold back to the dealers.

On December 26, 1952, the taxpayer executed a promissory note, which stated that she promised to pay Nashawena $49,621,564.25, on March 15, 1954, plus 2.3% interest per annum. This note was a non-recourse collateral note, the collateral being the Treasury notes. Under the terms of the note, Nashawena was given the right to hypothecate and use the pledged notes for any purpose. On December 30, 1952, the taxpayer issued Nashawena a check for the first payment of interest on the note in the amount of $563,704.94.

The entire transaction was closed out on paper in October, 1953. At that time, Nashawena simply reversed the process. It purchased in its own name $50,000,000 par value United States Treasury notes, and then turned around and immediately sold the same notes, in the name of the taxpayer, right back to the dealer.

In reality however, the transaction did not involve any real Treasury notes or any real money. Treasury notes were not actually delivered to either Mrs. Oritt or to Nashawena for her benefit. As a consequence, neither Mrs. Oritt nor Nashawena had physical possession of the notes. No payment was ever made to either C. F. Childs & Co. or D. J. Devine & Co., by either Mrs. Oritt or by Nashawena for the Treasury notes purportedly purchased for Mrs. Oritt. No funds were ever advanced by Nashawena

to Mrs. Oritt to finance the purchase of Treasury notes.

In spite of the fact that Mrs. Oritt sent Nashawena a check for $563,704.94 in the guise of payment of interest, this check could not constitute a payment of interest, as no funds were ever advanced to her. Furthermore, on the same day that taxpayer sent Nashawena her check for "interest" in accord with a previous agreement between Nashawena and her counsel, Nashawena "loaned" her $547,-966.62 (the difference in these amounts represents a discount of $15,738.32) and sent her a check for this amount.

The above transaction therefore, did not result in any indebtedness to the taxpayer. The check for $563,704.94 that she sent to Nashawena thus did not constitute "compensation for the use or forbearance of money". The transaction entered into by the taxpayer is practically identical to the type of transaction that has been held by a long list of cases to have created no genuine indebtedness. Jockmus v. United States, 335 F.2d 23 (2d Cir.1964); Dooley v. Commissioner of Internal Revenue, 332 F.2d 463 (7th Cir.1964); Lewis v. Commissioner of Internal Revenue, 328 F.2d 634 (7th Cir.1964); Williams v. Commissioner of Internal Revenue, 323 F.2d 656 (9th Cir.1963); Nichols v. Commissioner of Internal Revenue, 314 F.2d 337 (5th Cir.1963); Rubin v. United States, 304 F.2d 766 (7th Cir.1962); MacRae v. Commissioner of Internal Revenue, 294 F.2d 56 (9th Cir.1961), cert. denied 368 U.S. 955, 82 S.Ct. 398, 7 L.Ed.2d 388 (1962); Becker v. Commissioner of Internal Revenue, 277 F.2d 146 (2d Cir. 1960); Lynch v. Commissioner of Internal Revenue, 273 F.2d 867 (2d Cir. 1959); Goodstein v. Commissioner of Internal Revenue, 267 F.2d 127 (1 Cir. 1959); Broome v. United States, 170 F. Supp. 613, 145 Ct.Cl. 298 (1959).

The taxpayer relied upon the case of Stanton v. Commissioner, 34 TC 1 (1960). That case is clearly distinguished on the facts from the present situation. In *Stanton*, the transaction was what it purported to be. The lender (the bank) actually advanced the money borrowed for the taxpayer's use. The securities became the property of the taxpayer, he had all the benefits and risks of ownership. The Treasury notes were held as security by the lender of the money. (*Stanton*, supra, at 8)

For the reasons stated above, it is recommended that the petitioner is not entitled to recover, and that her petition should be dismissed.