**WEYL–ZUCKERMAN & COMPANY,. Petitioner,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 14785.**

United States Court of Appeals Ninth Circuit.

March 27, 1956.

---

David Livingston, San Francisco, Cal., for petitioner.

H. Brian Holland, Asst. Atty. Gen., Robert N. Anderson, George F. Lynch, John J. Kelley, Jr., Special Assts. to Atty. Gen., for respondent.

Before McALLISTER, POPE and CHAMBERS, Circuit Judges.

PER CURIAM.

This is a petition to review a decision of the Tax Court reported at 23 T.C. 841 which sets forth the salient facts in the case. The decision turns upon that court's finding and conclusion as to the purpose and effect of a series of transactions whereby the petitioner corporation, which held certain lands, conveyed those lands together with the mineral rights thereunder to its wholly owned subsidiary at its original cost. This transfer which occurred on June 27, 1946, was by standard form of bargain and sale deed. At that time the mineral rights under the land had a zero basis to petitioner. In December, 1946, after a sale of the company's mineral rights under this and other land had been arranged by petitioner, the mineral rights under the tract conveyed June 27, 1946, were declared as a dividend by the subsidiary and reconveyed to the petitioner. As the value of these gas rights at that time was $230,-000, and as the sale was consummated thereafter, petitioner asserts that the reacquisition of the mineral rights in this manner gave it a stepped-up basis equal to $230,000 with the result that no gain was realized on the sale.

The Tax Court found that when petitioner made the June 27, 1946 transfer without reserving the mineral rights therefrom, it intended to recapture the mineral rights as it later did. It held that the transfer of the mineral rights was not bona fide; that no business purpose was served or intended, and that the round trip of the rights from parent to subsidiary and back to the parent company was for the sole purpose of attempting to obtain a stepped-up basis for a contemplated sale.

As appears from the Tax Court's opinion, the evidence before that court disclosed a long and complicated series of transfers between the petitioner, the subsidiary mentioned, and another company known as Holly Sugar Corporation, and covering not only the tract here involved but other parcels of land nearby or adjoining. The surface of these tracts was used for the farming operations of the various companies involved, but the mineral rights, mainly valuable for gas, were under lease to Standard Oil Company. Some of these transfers were of surface rights only. Some followed dividends merely passing mineral

rights; and some were in exercise of options on mineral rights only.

The president of the subsidiary company, who was also manager of the petitioner, testified at length with respect to all these transfers, and the reasons for them. He also testified, as did an officer of Standard Oil Company, respecting the negotiations which proceeded first unsuccessfully, and later to effect, looking toward sale of the mineral rights to Standard.

Petitioner contends that there is wanting any evidence to sustain the Tax Court's finding of lack of business purpose, and a contrived arrangement. It argues that this finding was merely an inference drawn by the court from facts which were either stipulated, admitted, or undisputed. Hence, we are told, we may freely draw our own inference from these facts, for we are not here required to give to mere inferences the deference usually required to be given the lower court's findings when those are based on conflicting testimony.

We are of the opinion that the so-called inferences drawn from other facts were still findings of fact within the meaning of Rule 52(a), 28 U.S.C.A., as extended to cases from the Tax Court. Grace Bros. v. Commissioner, 9 Cir., 173 F.2d 170, 173, 176. Here the evidence showed a pattern of transfers which separated surface from mineral rights. The transfer to the subsidiary here preceded a contemplated mortgage to a bank, which was to cover surface rights only. In evaluating the significance, or lack of significance of prior unsuccessful negotiations for sale of mineral rights, the significance or lack of significance of the separation of surface and mineral rights in other transfers, and the validity of the reasons stated in oral testimony for not excluding the mineral rights in the transfer here questioned, the Tax Court was making a finding of fact as truly as a court or jury makes a finding of fact when it makes a determination that the proven conduct of a personal injury defendant has added up to negligence. Cf. United States v. Fotopulos, 9 Cir., 180 F.2d 631, 636. We recognized this in Grace Bros. v. Commissioner, supra [173 F.2d 176] where we said of a Tax Court finding: "And in arriving at a particular conclusion, the trier of facts must take into consideration all the circumstances proved in the case and draw from them such legitimate inferences as the occasion warrants." We think the Tax Court's finding was one of fact. Its opinion convinces us that it not only gave proper consideration to all the circumstances proved in the case but also arrived at the proper conclusion. Hence we affirm that Court's decision.