CARL E. WELLER AND EMILY I. WELLER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 61022. Filed October 10, 1958.

*Richard H. Appert*, Esq., *Harry A. Dower*, Esq., and *John A. Garvey, Jr.*, Esq., for the petitioners.
*William F. Fallon*, Esq., for the respondent.

FORRESTER, *Judge:* Respondent has determined a deficiency in the income tax of petitioners for the calendar year 1952 in the amount of $28,151.10. The sole issue is whether respondent erred in determining that the amount of $40,050.06 paid by petitioners purportedly as interest in respect of an alleged loan of the "cash or loan" value of an annuity policy was not interest deductible pursuant to section 23 (b) of the Internal Revenue Code of 1939.

### FINDINGS OF FACT.

Petitioners are husband and wife, and reside in Easton, Pennsylvania. Their joint income tax return for the calendar year 1952 was filed on the cash basis with the director of internal revenue at Scranton, Pennsylvania. The notice of deficiency was mailed on November 21, 1955. Emily I. Weller is a petitioner herein solely because of the filing of a joint return, and Carl E. Weller will hereinafter be referred to as the petitioner.

On October 3, 1952, petitioner applied to Standard Life Insurance Company of Indiana (hereinafter called the company) for an annuity policy. On October 6, 1952, he paid by check the amount of $20,000, as the first of 41 annual premiums in such amount payable thereon.

On October 10, 1952, the company issued to petitioner an annuity contract which named as annuitant the petitioners' daughter and provided for monthly payments to such annuitant in the amount of $6,454.34, beginning October 10, 1993, and continuing during her lifetime, but in no event to consist of less than 120 such payments. Petitioner reserved during his lifetime all rights and incidents of ownership in the contract. All options were exercisable and all benefits receivable by petitioner without the consent of the annuitant, unless she should survive him.

On November 24, 1952, petitioner obtained on his personal demand note the amount of $473,713.42 from the Philadelphia National Bank of Philadelphia, Pennsylvania (hereinafter called the bank), pledging as collateral security the foregoing annuity policy. The funds so acquired were used by him to prepay all premiums to become due under the annuity contract. The actual mechanics of the foregoing prepayment of premiums were accomplished by petitioner causing the bank to credit the amount to the company. Petitioner thereafter had a fully paidup annuity policy with a cash or loan value of $489,214.

Subsequently, but on the same day, the following events took place: (1) Petitioner obtained the amount of $489,214 from the company, which was equal to the "cash or loan" value of the paidup policy, and executed an agreement in respect of such receipt designated "Annuity Loan Agreement." (2) Petitioner paid to the bank the amount of $474,081.86 in full satisfaction of all amounts due, including interest and clearance charges on his aforementioned note to the bank. (3) Petitioner paid the amount of $19,192.24 to the company, and was issued a receipt designating the payment as "Annuity Loan interest 51 weeks to 10–10–53." He eventually deducted the amount of this payment as "Interest" on his 1952 income tax return.

On December 15, 1952, petitioner paid to the company the further amount of $20,857.82, and was issued a receipt designating the payment as "Interest on annuity loan #57089 to 10 Oct 1954." As a result of this payment the "cash or loan" value of the contract increased by the amount of $17,715. Petitioner received that amount from the company on the same day, and executed a second agreement entitled "Annuity Loan Agreement." Petitioner deducted the payment of $20,857.82 as "Interest" on his income tax return for 1952.

The annuity contract in question was continued in force until 1956, when it was exchanged for another paidup annuity policy.

OPINION.

The facts before us differ in no material sense from those in *W. Stuart Emmons*, 31 T. C. 26 (decided this day). Petitioner there contended that payments of a type indistinguishable from those here in question constituted the payment of interest on an indebtedness, and

were deductible under section 23 (b) of the Internal Revenue Code of 1939. We there rejected petitioner's contentions, and denied the interest deduction sought.

Petitioner here has advanced no argument not already considered and rejected in the *Emmons* case. For the reasons stated therein, we hold that respondent's determination must be sustained.

*Decision will be entered for the respondent.*