Oliver L. Williams and Marie K. Williams v. Commissioner.
Williams v. Commissioner
Docket No. 68424.
United States Tax Court
T.C. Memo 1959-45; 1959 Tax Ct. Memo LEXIS 201; 18 T.C.M. (CCH) 205; T.C.M. (RIA) 59045; March 9, 1959
Paul G. Rodewald, Esq., 1301 Alcoa Building, Pittsburgh, Pa., Robert F. Patton, Esq., and G. Walter Smith, Esq., for the petitioners. Gerald Backer, Esq., for the respondent. LEMIRE Memorandum Opinion LeMIRE, Judge: This proceeding involves deficiencies in income tax of petitioners for the years and in the amounts as follows: Year
Deficiencies
1953
$12,454.64
1954
12,193.97
1955
12,420.31
The sole issue is whether the respondent erred in disallowing the amounts paid in the taxable years 1953, 1954, and 1955, to the Standard Life Insurance Company of Indiana and claimed by petitioners *202 as a deduction for prepaid interest under a certain loan agreement. All of the facts have been stipulated and may be summarized as follows: Petitioners are husband and wife, residing at 16 Nakoma Place, Pittsburgh, Pennsylvania. The income tax returns for the periods involved were filed with the district director of internal revenue at Pittsburgh, Pennsylvania, on the cash basis. On September 28, 1950, Oliver L. Williams, hereinafter referred to as petitioner, applied to the Standard Life Insurance Company of Indiana, hereinafter called the company, for an annuity contract. At the same time petitioner paid the first annual premium of $20,000. On October 9, 1950, the company issued to petitioner an annuity contract, No. AN-48423, calling for 41 annual premiums each in the amount of $20,000. On October 12, 1950, petitioner obtained on his personal demand note the amount of $473,713.42 from the Corn Exchange National Bank and Trust Company of Philadelphia, hereinafter called the bank, pledging the aforementioned annuity policy as security. The funds so acquired were used to pay all the premiums to become due under the policy. On October 16, 1950, petitioner obtained from the *203 company the amount of $489,214, representing the cash or loan value of the policy. The company issued its check to the bank in the amount of $473,713.42, and the amount of $15,500.58 was paid directly to petitioner. Petitioner, on October 19, 1950, executed a loan agreement with the company. The agreement contained a promise to pay to the company the sum of $489,214, and provided for an interest rate of 4 per cent perannum payable in advance. The agreement contained an assignment of the said annuity policy and provided the amount due shall be payable on default solely out of the annuity contract as security. In the taxable years 1953, 1954, and 1955, petitioner paid to the company the respective net amounts of $18,123.92, $18,808.71, and $18,808.71, as prepayment of the amounts designated as interest in the aforementioned loan agreement. Petitioner claimed deduction of such amounts as payments representing interest on indebtedness in the respective taxable years. Petitioner, at the time of the purchase of the annuity contract, intended to carry out the transaction in the manner above outlined, and was advised of the tax saving features resulting from such a plan. On November 10, 1958, petitioner *204 surrendered the annuity contract in exchange for the cancellation of the said loan agreement and the issuance to him of a fully paid annuity contract in the face amount of $120,181.87. Petitioner contends that the contested payments are deductible as interest on indebtedness within the purview of section 23(b) of the 1939 Code and section 163 of the Code of 1954. In so far as here pertinent, the two code sections are identical. The respondent's position is that our recent decisions in the cases of W. Stuart Emmons, 31 T.C. 26, and Carl E. Weller, 31 T.C. 33, both filed October 10, 1958, (appeals pending), involved comparable transactions to that here in question and are controlling. It is petitioner's position that those cases were wrongly decided. The stipulated facts, in our opinion, offer no factual basis for distinguishing the Emmons and Weller cases, supra, and we regard them as controlling authorities here. We, therefore, hold that the transaction here in question did not represent a bona fide borrowing in substance, as opposed to form, and that the respondent did not err in denying the claimed deductions as not constituting interest paid on *205 an indebtedness. Decision will be entered for the respondent.