**Danny KAYE and Sylvia Kaye, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**Cy HOWARD, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 16957.**

United States Court of Appeals Ninth Circuit.

Feb. 15, 1961.

Bernard Speisman, New York City, for petitioners.

Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Harry Baum, Gilbert E. Andrews, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before POPE, JERTBERG and KOELSCH, Circuit Judges.

PER CURIAM.

The Tax Court of the United States sustained the disallowance by the Commissioner of Internal Revenue of amounts paid by each petitioner, claimed by them to represent payments of interest on indebtedness and hence deductible within the meaning of Section 23 of the Internal Revenue Code of 1939,[1] in the computation of each petitioner's net income for the calendar year 1952. The decision of the Tax Court is reported at 33 T.C. 511.

We believe that the cases here involved are controlled by the teachings in Knetsch v. United States, 364 U.S. 361, 81 S.Ct. 132, 5 L.Ed.2d 128, decided November 14, 1960. In Knetsch the Supreme Court examined the transaction between Knetsch and the insurance company in order to determine whether it created an "indebtedness" within the meaning of Section 23(b), or whether, as the trial court found, it was a sham. Following such examination the Supreme Court stated at page 366 of 364 U.S., at page 135 of 81 S.Ct., "For it is patent that there was nothing of substance to be realized by Knetsch from this trans-

---

1. Internal Revenue Code of 1939:
    "Sec. 23. Deductions from Gross Income.
    "In computing net income there shall be allowed as deductions:

\* \* \* \* \*
    "(b) Interest.—All interest paid or accrued within the taxable year on indebtedness. \* \* \*." 26 U.S.C. 1952 ed., § 23.

action beyond a tax deduction." On the whole record before us in these cases, it is likewise patent to us that from the transactions between the petitioners and the brokerage firm with which they dealt that there was nothing of substance to be realized by petitioners beyond tax deductions. Accordingly the decision of the Tax Court is affirmed.