Amor F. PIERCE and Ida Mae Pierce, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 17951.

United States Court of Appeals Ninth Circuit.

Dec. 28, 1962.

W. Lee McLane, Jr., Nola McLane, and Thaddeus Rojek, Phoenix, Ariz., for petitioners.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Gilbert E. Andrews and Martin B. Cowan, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before ORR, MERRILL and DUNIWAY, Circuit Judges.

PER CURIAM.

The question presented is whether deductions from gross income claimed on petitioners' federal joint income tax return for the calendar year 1954 for payments made by them to the All Service Life Insurance Corporation of Phoenix, Arizona constituted "interest paid on indebtedness" within the meaning of section 163(a) of the Internal Revenue Code of 1954. The stipulated facts of the case are set out in the Tax Court's opinion. 37 T.C. 1039.

The Tax Court determined that the instant case is controlled by the case of Knetsch v. United States, 364 U.S. 361, 81 S.Ct. 132, 5 L.Ed.2d 128 (1960). We agree. The transaction involved in the instant case, as in Knetsch, lacked economic significance. There was nothing of substance realized by the taxpayer beyond tax deductions. See Kaye v. Commissioner, 287 F.2d 40 (9th Cir., 1961). In both the present case and Knetsch, taxpayers purchased from an insurance company long-term deferred annuity contacts of large denominations, executed notes secured only by the annuity contracts, promised to pay interest in advance, and promptly borrowed back the increase in the value of the policies resulting from the advance payment of interest.

At the end of the taxable year in question, 1954, the net cash value of the six annuity contracts was $5,520. Taxpayer's out-of-pocket cost of these contracts was $7,277. Without considering the alleged interest deduction of $24,718, the investment resulted in a net economic loss to the taxpayer of $1,757. Tax payer's net economic loss from 1954 through 1960 was $31,058. His transaction with All Service did not, therefore, "appreciably affect his beneficial interest except to reduce his tax." Knetsch v. United States, supra, 364 U.S. at 366, 81 S.Ct. at 135 (quoting from dissenting

opinion in Gilbert v. Commissioner, 248 F.2d 399, 411 (2d Cir., 1957)). Because the underlying transaction lacked commercial substance, an indebtedness within the meaning of section 163(a) was not created.

After the decision of the Supreme Court in Knetsch and while the case was pending before the Tax Court, the taxpayer decided to put "some substance" into the transaction by increasing his payments to All Service. We agree with the Tax Court that "such payments, obviously made with a view to influencing the outcome of this very case, can hardly impart retroactive vitality to a transaction" that lacked substance in 1954. 37 T.C. at 1045. Under the agreement, taxpayer had an election whether to put in more money or not. The case would be different and the result might be different if he were obligated to increase his payments in 1961.

Affirmed.