CARL SHAPIRO AND RUTH SHAPIRO, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 90671.   Filed April 12, 1963

*Jack H. Calechman*, and *John M. Doukas*, for the petitioners.
*Alexander L. Ross, Jr.*, for the respondent.

OPINION

Raum, *Judge:* Petitioner's claim to the $57,500 deduction in 1957 rests upon the well-established rule that one who borrows securities in order to make a short sale may deduct interest or dividends payable with respect to such securities during the period of the loan where the borrower in fact pays such amounts to the lender. I.T. 3989, 1950-1 C.B. 34. That rule, however, is inapplicable here because petitioner has failed to show that there was in fact any such bona fide short sale

or that he in fact made any such payments to the purported lender, Livingstone & Co.

The burden of proof is, of course, upon the petitioner, and if there should be a gap in the record, it may not be presumed that any missing facts are favorable to him. But we need not rely here upon any failure of proof, for the record strongly shows that there was no bona fide short sale by petitioner and that the complex interrelated transactions that he purportedly entered into were nothing more than an elaborate sham. There were in fact no purchases, short sales, or other transactions relating to the large blocks of Government obligations purportedly involved herein. The various matching buy and sell orders and the meticulously detailed bookkeeping entries merely gave a misleading appearance of reality to that which in fact did not exist. Petitioner's position is utterly without merit. *Eli D. Goodstein*, 30 T.C. 1178, affirmed 267 F. 2d 127 (C.A. 1) ; *Broome* v. *United States*, 170 F. Supp. 613 (Ct. Cl.) ; *Sonnabend* v. *Commissioner*, 267 F. 2d 319 (C.A. 1), affirming per curiam a Memorandum Opinion of this Court; *Lynch* v. *Commissioner*, 273 F. 2d 867 (C.A. 2), affirming 31 T.C. 990 and *Leslie Julian*, 31 T.C. 998; *Egbert J. Miles*, 31 T.C. 1001; *Becker* v. *Commissioner*, 277 F. 2d 146 (C.A. 2), affirming a Memorandum Opinion of this Court; *Morris R. DeWoskin*, 35 T.C. 356, appeal dismissed (C.A. 7) ; *Perry A. Nichols*, 37 T.C. 772, affirmed 314 F. 2d 337 (C.A. 5) ; *Empire Press, Inc.*, 35 T.C. 136. Cf. *Knetsch* v. *United States*, 364 U.S. 361; *Amor F. Pierce*, 37 T.C. 1039, affirmed 311 F. 2d 894 (C.A. 9) ; *A. A. Helwig*, 37 T.C. 1046; *United States* v. *Roderick*, 290 F. 2d 823 (C.A. 5) ; *MacRae* v. *Commissioner*, 294 F. 2d 56 (C.A. 9), affirming in part and remanding in part 34 T.C. 20, certiorari denied 368 U.S. 955; *Kaye* v. *Commissioner*, 287 F. 2d 40 (C.A. 9), affirming per curiam 33 T.C. 511; *Weller* v. *Commissioner*, 270 F. 2d 294 (C.A. 3), affirming 31 T.C. 33 and *W. Stuart Emmons*, 31 T.C. 26, certiorari denied 364 U.S. 908; *William R. Lovett*, 37 T.C. 317.

The deduction sought by petitioner does not qualify under section 212(1) of the 1954 code as "ordinary and necessary expenses paid * * * (1) for the production or collection of income." Not only were no such expenses in fact "paid" by reason of the sham character of the transactions, but in any event they were not related to the "production or collection" of income. Notwithstanding some euphemistically phrased testimony by petitioner we do not believe that he ever expected to make any profit out of these transactions. It is all too clear to us that he contemplated merely a net expenditure of funds (somewhat under $16,000) as a fee to Livingstone & Co. for which he hoped to obtain net tax advantages that were substantially in excess of that fee. But the avoidance of taxes hardly qualifies as "the production or

**40**

collection of income" under the statute, either literally or by any implication that is supported by any relevant legislative history.

Our conclusion is in accord with two recent memorandum opinions involving factual situations closely parallel to the present case. *James A. Dooley and Virginia P. Dooley*, T.C. Memo. 1962–305; *Louis H. Lewis and Annette Lewis*, T.C. Memo. 1962–306.

Petitioners raise an alternative issue that if the disallowance of the $57,500 deduction is approved they are entitled to exclude from income the $23,750 interest which they reported in respect of the 2⅜-percent bonds in 1957. The Commissioner has not dealt with this matter in his brief, and we assume that the parties will agree upon the proper treatment of this item under the

*Decision to be entered under Rule 50.*