DAVID L. LIEB AND SYLVIA LIEB, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 91329. Filed April 26, 1963

*William L. Weiss*, for the petitioners.
*Lee A. Kamp*, for the respondent.

162

## OPINION

RAUM, *Judge:* The Commissioner originally disallowed the entire $12,062.50 amortization deduction, consisting of three components in the amounts of $3,437.50, $5,875, and $2,750. He now concedes that the $3,437.50 amortization in respect of David's original purchase is deductible under section 171, I.R.C. 1954 (*Hanover Bank* v. *Commissioner*, 369 U.S. 672; Rev. Rul. 62–127, 1962–2 C.B. 84), but he strenuously contests the further deductions of $5,875 and $2,750 in respect of Sylvia's purported purchase from David on

June 29, 1955, and David's purported repurchase from Sylvia less than 2 months thereafter. The issue is solely whether there were in fact bona fide sales between David and Sylvia. If these transactions were merely formal in character, accompanied by an understanding, tacit or otherwise, between the spouses that David would reacquire the bonds from Sylvia, then the purported sales between them could be regarded as shams and no amortization deduction in respect thereof would be allowable. The burden of proof is, of course, upon them, and we cannot find upon this record that the burden has been carried.

Without doubt, there may be bona fide business transactions between husband and wife. But where, as here, there appear to be repetitive transfers of the same securities between them, without any convincing explanation therefor, other than the expectation of tax advantages on their joint return, the situation calls for special scrutiny to determine whether that which seems to meet the eye is real or whether it is merely a *trompe de l'oeil*. In our opinion the bare outline of the transfers set forth in the stipulation of facts, as briefly supplemented by unsatisfying testimony at the trial, falls short of establishing the requisite bona fides of the transactions.

To the contrary, the evidence convincingly suggests that these transfers were merely parts of a sham. Of course, it is not to be expected that proof of sham would be available through direct evidence. Cf. *Frank Spingolo Warehouse Co.*, 37 T.C. 1, 5. Rather, in cases of transactions between spouses, indirect or circumstantial evidence is more frequently indicative of the true state of affairs. And the circumstantial evidence here is strong that there were no bona fide sales between petitioners. The fact that David purported to sell to Sylvia 6 months and 1 day after his original purchase makes suspect at once whether the transactions between them were not prearranged. Then, too, it does not appear that Sylvia had funds available with which to pay for these bonds or to liquidate her obligations on the note to the Cleveland Trust Co.[1] The very fact that she and David reversed the transaction within 2 months is itself an indication in the circumstances before us that the round-trip of these bonds had been planned from the beginning. Cf. *Weyl-Zuckerman & Co.*, 23 T.C. 841, affirmed 232 F. 2d 214 (C.A. 9); *Pierre S. Du Pont*, 37 B.T.A. 1198, affirmed 118 F. 2d 544 (C.A. 3), certiorari denied

---

[1] She did testify that her net worth was about $160,000. But the record is ambiguous as to whether she was estimating her net worth as of the time of trial rather than as of 1955. Moreover, the nature of her assets was not revealed, nor does it appear that she ever intended to or could readily have obtained cash from her assets with which to pay for the bonds. Indeed, she testified that if she had held the bonds after October 3, 1955, the maturity date of the note, she didn't think she could have paid it off, but asserted unpersuasively that she could have renewed the note or borrowed the funds elsewhere.

314 U.S. 623, rehearing denied 314 U.S. 709; *Nicholson* v. *Commissioner*, 90 F. 2d 979 (C.A. 8), affirming 32 B.T.A. 977; *Hamlen* v. *United States*, 31 F. Supp. 309 (D. Mass.). The evidence also discloses that all of the papers relating to these transactions, whether for Sylvia's or for David's signature, were prepared at David's office; and, although this circumstance could well be of no moment in other situations, it does take on meaning in the context of this case.

To be sure, Sylvia offered a purported reason for the resale of the bonds to David; we heard that testimony and observed her at the trial, but the short answer is that we do not believe her. The mere fact that husband and wife go through the motions of making a sale *inter sese* does not necessarily impart reality to the transaction and indeed may even constitute a fraud. *Charles E. Mitchell*, 32 B.T.A. 1093 (approved in *Helvering* v. *Mitchell*, 303 U.S. 391). The Commissioner has not determined any so-called fraud penalty here, and if he had, the burden of proof as to fraud would be upon him. Taking the case as we find it, involving a simple determination of deficiency, we hold that petitioners have not carried their burden of proof to show that there were genuine sales and purchases of the bonds in question in June and August 1955 so as to form the basis for amortization deductions. The transactions were a sham. Cf. *Knetsch* v. *United States*, 364 U.S. 361; *Amor F. Pierce*, 37 T.C. 1039, affirmed 311 F 2d 894 (C.A. 9); *A. A. Helwig*, 37 T.C. 1046; *United States* v. *Roderick*, 290 F. 2d 823 (C.A. 5); *McRae* v. *Commissioner*, 294 F. 2d 56 (C.A. 9), affirming in part and remanding in part 34 T.C. 20, certiorari denied 368 U.S. 955; *Kaye* v. *Commissioner*, 287 F. 2d 40 (C.A. 9), affirming per curiam 33 T.C. 511; *Weller* v. *Commissioner*, 270 F. 2d 294 (C.A. 3), affirming 31 T.C. 33 and *W. Stuart Emmons*, 31 T.C. 26, certiorari denied 364 U.S. 908; *William R. Lovett*, 37 T.C. 317; *Empire Press, Inc.*, 35 T.C. 136; *Joseph H. Bridges*, 39 T.C. 1064.

Petitioners' reliance upon *Fabreeka Products Co.* v. *Commissioner*, 294 F. 2d 876 (C.A. 1), reversing 34 T.C. 290, is misplaced. That case has bearing upon whether David would be entitled to an amortization deduction in connection with his original purchase of the bonds—a matter that is no longer in issue in this case—but it has no controlling relevance with respect to the bona fides of the subsequent sales *inter sese* of David and Sylvia and the availability of additional amortization deductions based upon such alleged sales.

The pleadings raise a comparatively minor issue in respect of the deficiency determined for 1956. However, this point has not been argued by petitioners, and it must be deemed to have been abandoned by them.

*Decision will be entered under Rule 50.*