474 F.2d 608
 73-1 USTC P 9218
 Samuel P. NORTON & Estate of Beatrice Norton, Deceased,
Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
Samuel P. NORTON & Estate of Beatrice Norton, Petitioners-Appellees,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellant.
 Nos. 71-1531, 71-1901.
 United States Court of Appeals,
Ninth Circuit.
 Feb. 1, 1973.
 
 Samuel P. Norton, in pro. per.
 Donald H. Olson, Atty., Los Angeles (argued), Meyer Rothwacks, Atty., Grant W. Wiprud, Atty., Fred B. Ugast, Acting Asst. Atty. Gen., Johnnie M. Walters, Asst. Atty. Gen., Washington, D. C., K. Martin Worthy, Chief Counsel, IRS, Washington, D. C., for respondent-appellee.
 Before WRIGHT and WALLACE, Circuit Judges, and CRARY,* District Judge.
 PER CURIAM:
 
 
 1
 Taxpayers, husband and now deceased wife, filed petitions in the tax court for redetermination of the Commissioner's assessment of additional taxes with penalties for the tax years 1953 through 1959. The cases were consolidated for trial. The tax court sustained the disallowance by the Commissioner of certain interest deductions and reduced certain income items. Taxpayers appealed, and a cross-appeal by the Commissioner followed. We affirm.
 
 
 2
 Between 1953 and 1955, taxpayers entered into four transactions from which the disputed interest and income items arose. Although somewhat complicated, the essence of the transactions was that taxpayers would borrow money from a financial institution (Gibraltar) and use these funds to purchase government securities. The securities were to be delivered to the lender as collateral for the loan. Gibraltar advised taxpayers in writing that it had received and was holding the securities as collateral. That institution probably never had actual custody of the securities, but instead sold them on the same day they were purchased by taxpayers. Each of the transactions involved the transfer of essentially the same amount of money among taxpayers, Gibraltar and a brokerage firm, which purchased the securities, resulting primarily in book entries reflecting offsetting debits and credits. Taxpayers made 73 interest payments on the notes and received credits for alleged interest paid by the government on the securities. The net federal tax result of these transactions was that taxpayers reported large interest expense deductions and a slightly lesser amount of income, much of which was at long-term capital gain rates.
 
 
 3
 Finding the transactions a sham, the tax court disallowed these interest payments and deducted the interest income allegedly received from the securities, as well as the capital gains and losses resulting from their sale.
 
 
 4
 The question presented is whether there were valid indebtednesses requiring payment of true interest or whether these were paper tax shelters with form but no substance. See Int. Rev.Code of 1954, Sec. 163(a); Knetsch v. United States, 364 U.S. 361, 81 S.Ct. 132, 5 L.Ed.2d 128 (1960); Deputy v. duPont, 308 U.S. 488, 60 S.Ct. 363, 84 L.Ed. 416 (1940). An obligation is not necessarily an indebtedness for purposes of interest deductions; taxpayers must actually secure the use or forbearance of money and pay interest therefor. duPont, supra, 308 U.S. at 497-498, 60 S.Ct. 363. This appears to us to be another child, albeit with a slightly different personality, of the "Livingstone" family which, with regularity, courts have found not to be legitimate. See Cahn v. Commissioner, 358 F.2d 492 (9th Cir. 1966) and cases cited therein. Specifically, we cannot distinguish this case from our prior holding in MacRae v. Commissioner, 294 F.2d 56 (9th Cir. 1961), cert. denied, 368 U.S. 955, 82 S.Ct. 398, 7 L.Ed.2d 388 (1962). "[T]here was nothing of substance to be realized . . . beyond a tax deduction." Knetsch, supra, 364 U.S. at 366. 81 S.Ct. at 135. See also Cahn, supra; Williams v. Commissioner, 323 F.2d 656 (9th Cir. 1963); and Kaye v. Commissioner, 287 F.2d 40 (9th Cir.1961).
 
 
 5
 Taxpayers contend they were unaware the institution actually was not holding the securities. Even if true, this would not dictate a different result. MacRae, supra, 294 F.2d at 59; Cahn, supra, 358 F.2d at 493-494.
 
 
 6
 The remaining issues raised by taxpayers do not merit comment. No constitutional rights have been violated.
 
 
 
 *
 Honorable E. Avery Crary, United States District Judge, Los Angeles, California, sitting by designation