**Evelyn R. MARKS, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REV-ENUE, Respondent.**

**Nos. 21329, 21329–A.**

United States Court of Appeals
Ninth Circuit.

March 1, 1968.

Rehearing Denied April 17, 1968.

Evelyn R. Marks, in pro. per.

Stuart A. Smith, Washington, D. C. (argued), Mitchell Rogovin, Asst. Atty. Gen., Lester Uretz, Chief Counsel, Internal Revenue Service, Lee A. Jackson, Robert N. Anderson, David English Carmack, Dept. of Justice, Washington, D. C., for appellee.

Before BARNES and DUNIWAY, Circuit Judges, and HILL,* District Judge.

IRVING HILL, District Judge:

The Petitioner herein, Evelyn R. Marks, is referred to hereinafter as "the taxpayer". The taxpayer is a teacher. She had taught in California schools until her teaching credentials were revoked at some time before 1961. Thereafter, being unable to teach in California, she obtained employment as a clerk-typist at

---

* Irving Hill, District Judge, sitting by designation.

a substantial cut in pay. In her income tax returns for the years 1961, 1962 and 1963, she reported her actual earnings in each year and claimed as a deduction in each year the amount by which her anticipated earnings as a teacher, if she had been allowed to teach, exceeded the amount of her actual earnings. These deductions in each year were greater than the amount of income reported so each return showed no tax liability. The Tax Court, in an unreported decision, disallowed each year's deduction and assessed the resulting deficiencies.

The taxpayer contended to the Tax Court that her claimed deductions were valid as "losses". We find this contention, as did the Tax Court, to be without merit. The word "loss" as used in § 165(c) of the Internal Revenue Code of 1954 requires loss of existing capital and does not include the failure to realize anticipated income. Hort v. Commissioner of Internal Revenue, 313 U.S. 28, 61 S. Ct. 757, 85 L.Ed. 1168 (1941); W. M. Bostick, ¶ 57,220 P-H Memo TC; 5 Mertens, Federal Income Taxation § 28.12.

The taxpayer also argues that if the claimed deductions are not deductible as "losses", the Internal Revenue Code violates the equal protection clause of the Constitution. This contention is likewise without merit. Permitting the deduction of loss of existing capital while denying the deduction of loss of anticipated earnings is a reasonable distinction which violates no constitutional mandate. Cf. 5 Mertens, supra, § 28.12.

The taxpayer makes one additional argument for the first time in this appeal. She attempts to justify her deductions as educational expenses. Though her articulation of this claim is garbled and imprecise, we deem it to be an effort to deduct part of the cost of obtaining the education necessary for a teacher's credential. The Commissioner correctly points out that this claim raises questions of fact which were not raised or treated below and therefore this Court should not reach the issue. See Hormel v. Helvering, 312 U.S. 552, 557, 61 S.Ct. 719, 85 L.Ed. 1037 (1941); cf. MacRae v. Commissioner of Internal Revenue, 294 F.2d 56, 59 (9th Cir. 1961). But in deference to the fact that the taxpayer is in pro. per. and not a lawyer, we note that even if the claim were properly before us, it is not well founded. Educational expenses undertaken to qualify for a profession are deemed to be personal expenses and are nondeductible under § 262 of the Internal Revenue Code of 1954. 26 C.F.R. 1.162–5(b). Cf. Greenberg v. Commissioner of Internal Revenue, 367 F.2d 663 (1st Cir. 1966). The decision of the Tax Court is

Affirmed.