JAMES O. EVANS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Evans v. Commissioner
Docket No. 7363-75.
United States Tax Court
T.C. Memo 1977-169; 1977 Tax Ct. Memo LEXIS 272; 36 T.C.M. (CCH) 702; T.C.M. (RIA) 770169; June 6, 1977, Filed *272 1. Held: Petitioner is not entitled to deduct as a loss an amount he believed he would have received in 1971 (but did not receive or report as income) as a pilot for Pan American Airways had he not been discharged by Pan American Airways in 1960. 2. Held,further: Petitioner is liable for an addition to tax under sec. 6651(a)(1), I.R.C. 1954, for failure to file a tax return for the year 1971 within the time prescribed by law. Stephen B. Lewallen and James C. Johnston, for the petitioner. Thomas M. Cryan, for the respondent. *273 DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined a deficiency in petitioner's income tax for the year 1971 in the amount of $9,835.13 and an addition to tax under section 6651(a)(1), I.R.C. 1954, [1] in the amount of $2,458.78. As a result of a concession by petitioner the only issues remaining for decision are (1) whether petitioner is entitled to a deduction for loss of flight pay which he never received, and (2) whether petitioner is liable for an addition to tax for delinquency in failing to file his 1971 income tax return within the time prescribed by law. FINDINGS OF FACT Petitioner resided in Sanibel, Fla., at the time the petition herein was filed. Petitioner filed a joint income tax return for the year 1971 with his wife, Helen G. Evans, with the office of the Internal Revenue Service at Fort Meyers, Fla., on April 5, 1974. [2]
Prior to April 1960, petitioner had been employed for a considerable *274 length of time as an airline pilot by Pan American Airways (Pan Am). On April 15, 1960, he was discharged by his employer without an explanation that was satisfactory to petitioner. Petitioner commenced administrative proceedings in the Federal Aviation Agency (FAA) to review his discharge as provided in an agreement between the Airlines Pilot's Association and Pan Am. Despite repeated and persistent attempts by petitioner, continuing over a period of years, petitioner was never able to regain his former position at Pan Am. During the course of the administrative proceeding petitioner discovered information that led him to believe that a letter had been written to the FAA alleging that petitioner was emotionally disturbed. Petitioner began writing letters to members of Congress and the President in an effort to obtain copies of the FAA records. In 1968 petitioner commenced a suit against the Department of Transportation under the Freedom of Information Act in the United States District Court for the Middle District of Florida in an effort to obtain confidential records in the custody of the FAA relative to the reasons for his discharge. The District Court granted a summary *275 judgment against petitioner. On appeal to the United States Court of Appeals for the Fifth Circuit the decision of the lower court was affirmed. Evans v. Department of Transportation of United States,446 F. 2d 821 (1971). Certiorari was denied by the Supreme Court on February 22, 1972. 405 U.S. 918. On his Federal income tax return for 1971 petitioner reported a small amount of business loss, a small amount of income from interest and other sources, and a net gain from the sale of capital assets in the amount of $58,534.46. Petitioner also claimed an itemized deduction in the amount of $69,500 as "Loss of Boeing 747 pay and insurance, retirement, etc. one year." This amount represented what petitioner believed he would have been paid as a pilot for Pan Am in 1971 had he not been discharged. Petitioner did not include any of this alleged lost flight pay in income reported on his 1971 return or any other Federal income tax returns filed by petitioner since his discharge in 1960. On April 17, 1972, petitioner mailed a letter to the Internal Revenue Service Center at Chamblee, Ga., requesting an extension of time for filing his return for 1971. As *276 a result of this letter petitioner and his wife were granted an extension of time to file their 1971 income tax return from April 15, 1972, until June 15, 1972. On October 10, 1972, and again on December 21, 1972, petitioner sent a copy of the letter mailed April 17, 1972, to the Internal Revenue Service Center at Chamblee, Ga.; the copy sent December 21 contained certain handwritten comments. No extensions of time were given to petitioner to file his 1971 income tax return other than the extension given from April 15, 1972, to June 15, 1972. On March 5, 1973, the Internal Revenue Service sent petitioner a letter advising that no additional extensions for 1971 could be granted because it did not receive a request for more time before the original extension expired. On June 4, 1973, petitioner was contacted by a revenue agent who requested that petitioner file his 1971 and 1972 income tax returns within 10 days; otherwise, petitioner's tax liability for those years would be referred to the Audit Division of the Internal Revenue Service. Petitioner's income tax return for the year 1971 was prepared by a certified public accountant, Joseph Pilotto, who submitted the return to *277 petitioner for signing and filing on March 5, 1974. Prior to employing Pilotto in early 1974, petitioner had not consulted with either an accountant or attorney with regard to whether he was entitled to a deduction for unpaid salary. Pilotto advised petitioner that he should not claim the $69,500 deduction on his 1971 return. Petitioner did not file his 1971 return until April 5, 1974. In the notice of deficiency respondent determined that petitioner was not entitled to a deduction for the loss of flight pay in the amount of $69,500 under section 165 or any other section of the Internal Revenue Code because a loss arising from unpaid wages is not deductible unless the wages had previously been included in taxable income. OPINION The substantive issue involved is whether petitioner is entitled to deduct $69,500 which is the amount petitioner believes he would have received as an airline pilot for Pan American Airways in 1971 had he not been discharged by Pan Am in 1960. Petitioner did not receive the $69,500 in 1971 or any other year and argues that his economic loss as a result thereof entitles him to a deduction for a theft loss under section 165 of the Code in 1971 when *278 the U.S. Court of Appeals denied his right to obtain confidential records from the FAA allegedly relating to the reasons for his discharge. It is well established in the law that a taxpayer is not entitled to deduct as a loss, or on any other basis, wages or salary that he could have earned had he been employed. Hendricks v. Commissioner,406 F. 2d 269 (5th Cir. 1969), affg. a Memorandum Opinion of this Court; Marks v. Commissioner,390 F. 2d 598 (9th Cir. 1968), affg. T.C. Memo. 1966-62; Hutcheson v. Commissioner,17 T.C. 14. [3] Deductions are a matter of legislative grace, New Colonial Co. v. Helvering,292 U.S. 435 (1934), and the Internal Revenue Code does not now and never has provided for the deductibility as a loss of amounts which could have been earned had the taxpayer been employed. Petitioner has never received the $69,500 here involved and has never reported any part of it as income; hence, he has no tax basis on which to predicate a loss on this item. Sec. 1.165-1(c), Income Tax Regs.; Holman v. Commissioner,66 T.C. 809; Marks v. Commissioner, supra. *279 Furthermore, petitioner has failed to prove by competent evidence that he would have been paid $69,500 by Pan Am even if he had been employed in 1971. We hold for respondent on this issue.
The main thrust of petitioner's argument is directed to the second issue, whether petitioner is liable for the addition to tax (delinquency penalty under section 6651(a)(1)) for failure to file his 1971 return within the time prescribed by law. Section 6651(a)(1) provides in material part: In case of failure to file any return * * * on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added * * *. Petitioner's return for 1971 was originally due to be filed on April 15, 1972; he was granted an extension of time to June 15, 1972. Petitioner's 1971 return was filed on April 5, 1974, almost *280 2 years after it was due.Petitioner has the burden of proving that his failure to file the return on time was due to reasonable cause and not due to willful neglect. Shomaker v. Commissioner,38 T.C. 192; Bebb v. Commissioner,36 T.C. 170; Logan Lumber Co. v. Commissioner,365 F. 2d 846 (5th Cir. 1966), affg. T.C. Memo. 1964-126. He has failed to carry that burden.
Petitioner testified that at the time his 1971 return was due he was preoccupied with selling real estate and otherwise earning a living and with attempting to get information from the FAA files, so he attempted on numerous occasions to get extensions of time to file the return without receiving replies, and that this created confusion in his mind. He also testified that because he thought he owed no tax anyway it would not make any difference whether he filed the return on time. We cannot accept these explanations as reasonable cause for petitioner's failure to file the return on time. There are very few taxpayers who are not also engaged in earning a living when tax return time rolls around, but the vast majority of them, grudgingly perhaps, take time *281 out to prepare and file their returns. In response to his request petitioner was granted one extension of time to file his 1971 return, and he failed to either file the return or request a further extension before the first extension expired. By the time the return was due petitioner had exhausted his judicial avenues for obtaining the FAA files, and any confusion in petitioner's mind about his obligation to file a return was, we believe, motivated, in part at least, by his desire to find some means of avoiding paying tax on the large capital gain he realized in 1971. And, finally, petitioner's own belief that he was entitled to a deduction that would result in no tax liability, without consultation with anyone knowledgeable in tax law, is certainly not reasonable cause for not filing his return on time. Shomaker v. Commissioner,supra; Beck Chemical Equipment Corporation v. Commissioner,27 T.C. 840; Henningsen v. Commissioner,26 T.C. 528, affd. 243 F. 2d 954 (4th Cir. 1957). This was particularly true when petitioner knew he had taxable income which he thought could be offset by a deduction which was of doubtful *282 validity at best. Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect in the year in issue, unless otherwise specified.↩
2. Petitioner's wife, Helen, did not file a timely petition in this Court.↩
3. See Crossland v. Commissioner,T.C. Memo. 1976-59, and T.C. Memo. 1974-277, two recent Memorandum Opinions of this Court involving very similar facts. See also Redcay v. Commissioner,12 T.C. 806↩.