STAN O'CONNOR (STANLEY E. O'CONNOR), Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
O'Connor v. Commissioner
Docket No. 16017-79
United States Tax Court
T.C. Memo 1981-151; 1981 Tax Ct. Memo LEXIS 596; 41 T.C.M. (CCH) 1191; T.C.M. (RIA) 81151; March 30, 1981. Stan O'Connor, pro se. Rose Mendes, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined deficiencies in petitioner's income tax for the calendar years 1976 and 1977 in the amounts of $ 697.25 and $ 659, respectively. The issue for decision is whether petitioner is entitled to deduct in each of the years here in issue the value *597 of the time he spent as a ski club advisor without compensation. FINDINGS OF FACT Most of the facts have been stipulated and are found accordingly. At the time petitioner filed his petition in this case he resided in Akron, Ohio. Petitioner filed a joint Federal income tax return with his wife for each of the years 1976 and 1977 with the Cincinnati Service Center. During the years 1976 and 1977 petitioner was employed by the Board of Education of Medina City as a guidance counselor at Medina Senior High School (Medina High) in Medina, Ohio. The faculty handbook of Medina High provided for additional staff assignments, stating in part: In addition to the regular classroom schedule, teachers are assigned as club sponsors, class advisors, or they are given special duties at athletic events, plays, concerts, Homecoming, dances, and other school activities. Each teacher must assume his share of the responsibility and be present to assist with his assignment. In evaluating a performance of a member of the faculty at Medina High the work of the member in connection with assignments other than regular classroom schedules was considered by the evaluating officer. During *598 the years 1976 and 1977 petitioner was the appointed faculty advisor to the Medina High ski club. In connection with this assignment petitioner spent 296-1/2 hours during the calendar year 1976 and 261 hours during the calendar year 1977. The time was spent by petitioner in connection with taking members of the Medina High skiing club on skiing trips, processing applications for membership in the club, obtaining permission from parents for participation of students in the ski club activities and numerous incidental duties such as collecting moneys paid by students for ski club trips and approving vouchers in connection with the ski club actvities. During the years 1976 and 1977 petitioner was paid $ 19,705.50 and $ 19,651.56, respectively, by the Medina, Ohio, City School District as compensation for his services as a guidance counselor at Medina High. Petitioner received no other compensation in connection with his work at Medina High. He was not specifically compensated for his work as advisor to the Medina High ski club. On his Federal income tax return for the calendar year 1976 petitioner included in his reported income the entire $ 19,750.50 received from the Medina, Ohio, *599 City School District and deducted $ 2,360.76 as classroom expenses. Included in this deduction was an amount of $ 2,223.75 computed by petitioner as follows: Ski Club Advisor Hours (Non-Paid by School) Jan - 142 1/2
Feb - 43 1/2
Oct - 28
Nov - 54
Dec - 28 1/2
296 1/2 HRS at $ 7.50
$ 2223.75
On his 1977 Federal income tax return petitioner reported the entire $ 19,651.56 paid to him by the Medina, Ohio, City School District and deducted $ 2,082.65 as "job related expenses." Included in this deduction was an amount of $ 1,957.50 which was computed by petitioner as follows: (Hours Beyond Scheduled School Day in Organizing & Administering Duties of Ski Club Advisor) January 1977 - 98 Hours
February 1977 - 63 "
March 1977 - 6 "
October 1977 - 34.5 "
November 1977 - 48
December 1977 - 11.5 "
261 Hours at 7.50 HR
$ 1957.50
Respondent in his notice of deficiency disallowed the claimed deductions of $ 2,223.75 and $ 1,957.50 for the years 1976 and 1977, respectively, with the following explanation: The value of your time and services as a ski club advisor which you deducted on your 1976 and 1977 tax returns as miscellaneous deductions *600 in the respective amounts of $ 2,223.75 and $ 1,957.50 are not allowable under sections 162 or 170 of the Internal Revenue Code. Therefore, your 1976 taxable income is increased $ 2,223.75 and your 1977 taxable income is increased $ 1,957.50. OPINION It is petitioner's contention that since he was not specifically compensated for his time spent as advisor to the ski club and since he was required under the policies of Medina High to assist with extracurricular activities, he is entitled to deduct the value of the time spent in carrying out his assigned extracurricular activities. It is clear that petitioner included no amount in his income as being received from his activities as a ski club advisor for the obvious reason that he received no additional pay or, in his view, no pay for performing these duties. In effect, petitioner is attempting to deduct the value of time for which in his opinion he received no compensation. This Court and other courts have on a number of occasions considered claims made under various factual situations that a taxpayer was entitled to deduct an amount of compensation that he felt he was entitled to receive but did not receive. In Escofil v. Commissioner, 464 F.2d 358, 359 (3d Cir. 1972), *601 the court stated, in affirming a Memorandum Opinion of this Court, that -- we must follow the settled precedent denying a cash basis taxpayer any deduction for the loss of anticipated receipts which the taxpayer will never be required to report as income. See Ernest L. Rink, 51 T.C. 746, 753 (1969). In Marks v. Commissioner, 390 F.2d 598 (9th Cir. 1968), affirming a Memorandum Opinion of this Court, a deduction was disallowed to a taxpayer for the difference in the amount she would have received as a California teacher and the amount she actually received as a clerk typist after her credentials were revoked. In its opinion the court stated (at 599): The taxpayer contended to the Tax Court that her claimed deductions were valid as "losses". We find this contention, as did the Tax Court, to be without merit. The word "loss" as used in sec. 165(c) of the Internal Revenue Code of 1954 requires loss of existing capital and does not include the failure to realize anticipated income. Hort v. Commissioner of Internal Revenue, 313 U.S. 28, 61 S. Ct. 757, 85 L.Ed. 1168 (1941); W. M. Bostick, par. 57,220 P-H Memo TC; *602 5 Mertens, Federal Income Taxation sec. 28.12. There are numerous Memorandum Opinions of this Court holding to the same effect, two of the recent cases being Greenway v. Commissioner, T.C. Memo. 1980-97, denying a loss to a professional writer of the amount he claimed he might have earned during the taxable year except for a back injury, and Stephen v. Commissioner, T.C. Memo. 1980-131, denying a deduction to a taxpayer for unpaid wages which he contended were due to him. In most of the cases dealing with denial to taxpayers of deductions of unpaid wages the amounts claimed are claimed as loss deductions. In our view, the fact that petitioner claims the deduction as a "classroom expense" in one year and a "job related expense" in another year does not cause this case to be distinguishable from cases dealing with unpaid compensation claimed to be deductible as a loss. Here, as in the other cases involving claimed deductions for unpaid wages, no amount has been included by petitioner in his reported income for the value of his services as advisor to the ski club. Therefore, these services have no basis to petitioner which is properly deductible *603 under any provision of the Internal Revenue Code. See Thompson v. Commissioner, 66 T.C. 1024, 1057-1058 (1976), affd. 631 F.2d 642 (9th Cir. 1980), pointing out that loss of potential profits is not an allowable tax deduction. Decision will be entered for the respondent.