LEROY CARROLL and JUANITA B. CARROLL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Carroll v. Commissioner
Docket No. 16175-80.
United States Tax Court
T.C. Memo 1981-347; 1981 Tax Ct. Memo LEXIS 391; 42 T.C.M. (CCH) 326; T.C.M. (RIA) 81347; July 6, 1981
Leroy Carroll, pro se. Margaret A. Martin, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Fred S. Gilbert, Jr., pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 1981, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GILBERT, Special Trial Judge: Respondent determined a deficiency in petitioners' Federal income tax for the year 1976 in the amount of $ 882. Petitioners have conceded that an adjustment in the notice of deficiency for "bad debts" in the amount of $ 4,242 is correct. Therefore, the only issue for decision *393 is whether petitioners are entitled to a bad debt deduction for failure to collect for services rendered claimed in the amount of $ 850, under section 166. [3]
FINDINGS OF FACT Most of the facts in this case were stipulated. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioners filed a Federal joint income tax return for the year 1976. At the time the petition herein was filed, they resided in San Francisco, California. In 1976, petitioner Leroy Carroll (hereinafter referred to as petitioner) was the sole proprietor of a business known as "Carroll's Trucking." At all times prior to and during 1976, Carroll's Trucking reported its income and expenses on the cash method of accounting. It was engaged in the business of hauling products by truck for various customers and had its principal place of business in San Francisco. Sometime in 1976, Carroll's Trucking agreed with Evergreen Trucking to deliver a single load of potatoes to Safeway *394 Stores, Inc. (hereinafter referred to as Safeway) in Seattle. Upon delivery of the load, petitioner expected Safeway to pay Carroll's Trucking by validating one of its checks in the amount of $ 850 given to him by Evergreen Trucking. Carroll's Trucking hauled the load to Safeway in Seattle. Employees of Safeway unloaded the potatoes, but Safeway then claimed that the potatoes were spoiled when they were delivered and, therefore, refused to validate the check. Petitioner has never been able to collect the $ 850 from Safeway. Since the truck driver spent extra time attempting to persuade Safeway to validate its check, he failed to get another load that he was supposed to haul back to San Francisco for another customer. Consequently, Carroll's Trucking also failed to realize anticipated income from the return trip to San Francisco. On his tax return for the year 1976, petitioner deducted all of the expenses that Carroll's Trucking incurred to pick up the load of potatoes and to deliver it to Safeway. Petitioner, on his tax return for the year 1976, also deducted $ 850 for "Safeway Store Claim for damage," representing the amount that he expected to receive from Safeway for *395 hauling the load of potatoes. Respondent disallowed the deduction claimed for "Safeway Store Claim for damage" on the ground that, since Carroll's Trucking used the cash method of accounting and, therefore, had not treated the amount of $ 850 owing to it from Safeway as taxable income, it was not entitled to deduct such amount as a bad debt loss. OPINION Petitioner contends that he is entitled to deduct the $ 850 that Safeway refused to pay upon delivery of the load of potatoes, because Carroll's Trucking, by hauling that load, incurred expenses for wages and fuel, incurred wear and tear on its truck, and suffered a loss of income. Since the amount of $ 850 for which a deduction is claimed by petitioner was owed by Safeway to Carroll's Trucking, the deductibility of such amount is determined under the provisions of section 166, specifically allowing a deduction for bad debts, rather than under section 165, generally allowing deductions for losses. Spring City Foundry Co. v. Commissioner, 292 U.S. 182, 189 (1934). [4] It is a well-established rule that an amount of anticipated income such as wages, rent, or interest which a taxpayer, such as petitioner, using *396 the cash method of accounting, has not reported as income may not be deducted as a bad debt, under section 166, when such amount becomes uncollectible. Section 1.166-1(e), Income Tax Regs.; W.L. Moody Cotton Co. v. Commissioner, 143 F.2d 712 (5th Cir. 1944); Gertz v. Commissioner, 64 T.C. 598, 600 (1975); Collin v. Commissioner, 1 B.T.A. 305, 309 (1925). Since petitioner never reported the $ 850 in question as income, the application of that rule in the instant case operates to deny the deduction claimed under section 166. In any event, whether the deductibility of the "loss" in question is determined by referring to section 165 or section 166, there is a more fundamental reason why it is not deductible under either section. The maximum amount deductible, under each section, is the adjusted basis, provided by section 1011, for determining loss upon the sale or other disposition of the property. [5] Since Carroll's Trucking advanced no money to Safeway and, as a cash basis taxpayer, included *397 no amount owing to it from Safeway in its taxable income, the debt due Carroll's Trucking from Safeway had a basis of zero. Cf. Raich v. Commissioner, 46 T.C. 604, 610 (1966). [6] Therefore, the amount deductible under either section is limited to zero. Petitioner has been allowed deductions for the expenses incurred by Carroll's Trucking, including a deduction for depreciation of its truck, to pick up the load of potatoes and deliver it to Safeway in Seattle. Petitioner is not entitled to deduct again those same expenses under any other provision of the Internal Revenue Code. Section 1.161-1, Income Tax Regs. Consequently, the fact that Carroll's Trucking incurred expenses and wear and tear of its vehicle in order to haul the load of potatoes has no bearing upon the issue for decision in this case. See Beekman v. Commissioner, 17 B.T.A. 643, 648 (1929). The failure to realize anticipated income is not considered a deductible loss under section 165. Hort v. Commissioner, 313 U.S. 28, 32-33 (1941); *398 Marks v. Commissioner, 390 F.2d 598 (9th Cir. 1968) cert. den. 393 U.S. 883 (1968). Accordingly, the failure of Carrollhs Trucking to realize anticipated income, because its driver missed the load that he was scheduled to haul from Seattle back to San Francisco, does not entitle petitioner to the deduction claimed. Although we sympathize with petitioner in his frustration over his inability to collect the amount in issue and his failure to collect other anticipated income, we have been unable to find any provision of the Internal Revenue Code which would entitle him to the deduction claimed. Since our jurisdiction is limited to applying the law as written, we, accordingly, must sustain the respondent's position. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. The amount allowable as a deduction for medical expenses depends upon the amount of petitioners' adjusted gross income, and hence, upon the resolution of the issue in this case.↩
4. See O'Malley v. Commissioner, T.C. Memo. 1980-95; Antuna v. Commissioner, T.C. Memo. 1970-290↩.
5. Secs. 165(b) and 166(b). ↩
6. See Antuna v. Commissioner, T.C. Memo. 1970-290; Shapiro v. Commissioner, T.C. Memo. 1961-118↩.