996 F.2d 1227
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Juergen STENGEL, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 92-70835.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 18, 1993.
 
 Before CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 U.S.T.C., 1993 WL235192.
 
 
 3
 AFFIRMED.
 
 
 4
 Juergen Stengel appeals pro se the tax court's decision upholding the Commissioner of Internal Revenue's ("Commissioner") determination of income tax deficiencies for the tax years 1987, 1988, and 1989. The tax court also upheld the Commissioner's imposition of additions to Stengel's tax under former section 6653(a)(1) and current section 6662(b)(1) of the Internal Revenue Code. We have jurisdiction pursuant to 26 U.S.C. § 7482 (1988). We affirm.
 
 
 5
 In reviewing the tax court's decision to uphold the Commissioner's determination of deficiencies, we review the tax court's conclusions of law de novo and findings of fact for clear error. Betson v. Commissioner, 802 F.2d 365, 367 (9th Cir.1986).
 
 
 6
 Stengel was educated as a marine engineer in Germany. He came to the United States in the 1960s and worked as a marine engineer until 1973 when a permanent injury to his hands rendered him unable to continue such work. Stengel did not receive any compensation through insurance or otherwise for the loss of any future earnings.[1]
 
 
 7
 Subsequent to his injury and during the tax years in question, Stengel worked for General Electric Company as a machinist and inspector earning less wages than he would have as a marine engineer. He prepared his own tax returns for those years and claimed a casualty loss deduction for each year in an amount equal to the difference between what he earned at General Electric and what he estimated he would have earned as a marine engineer.[2]
 
 
 8
 Stengel contends the tax court erred because he is entitled to deduct as a casualty loss pursuant to 26 U.S.C. § 165(c) (1988) the loss of the use of his training and education as a marine engineer.[3] This contention lacks merit.
 
 
 9
 Stengel argues that the loss of the use of his training and education is the loss of "capital", and that the loss is a casualty loss because it was quick, sudden, and unexpected. In fact, however, Stengel is attempting to deduct as a loss his anticipated but unrealized future income. This he may not do. Marks v. Commissioner, 390 F.2d 598, 599 (9th Cir.) ("[t]he word 'loss' as used in [section] 165(c) ... does not include the failure to realize anticipated income"), cert. denied, 393 U.S. 883 (1968); see also Hort v. Commissioner, 313 U.S. 28, 32-33 (1941). Accordingly, the tax court did not err by upholding the Commissioner's disallowance of Stengel's casualty loss deductions.[4]
 
 
 10
 We review for clear error the tax court's decision to uphold the Commissioner's assessment of penalties under former section 6653(a) or section 6662(b). See Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir.1991).
 
 
 11
 The Commissioner is authorized to assess a penalty against a taxpayer if the taxpayer's underpayment of tax is due to "[n]egligence or disregard of rules or regulations." 26 U.S.C. § 6662(b)(1) (Supp.1990).[5] Section 6662(c) defines "negligence" to include "any failure to make a reasonable attempt to comply with the provisions of [the Code]." Id. § 6662(c); see also Allen, 925 F.2d at 353 ("[n]egligence ... is defined as the lack of due care or the failure to do what a reasonable and prudent person would do under similar circumstances"). "[T]he term 'disregard' includes any careless, reckless, or intentional disregard." 26 U.S.C. § 6662(c); see also Hansen v. Commissioner, 820 F.2d 1464, 1469 (9th Cir.1987) ("[i]ntentional disregard occurs when a taxpayer who knows or should know of a rule or regulation chooses to ignore its requirements").
 
 
 12
 The Commissioner's assessment of penalties is presumed correct. Allen, 925 F.2d at 353. Therefore, Stengel had the burden of proving his failure to pay the correct amount of tax was not due to negligence or intentional disregard of the rules or regulations. See id.
 
 
 13
 In tax court, Stengel argued the additions to his tax were improper because he relied on two publications: Your Federal Income Tax by J.K. Lasser and Internal Revenue Service, Publication 547. The tax court found that these publications were not legal authority and that Stengel's reliance on these publications was not reasonable because they did not contain any language supporting Stengel's position and because the weight of the case law was against his position. The tax court further found that Stengel and his lawyer "parted ways" because Stengel disagreed with the lawyer's advice about the law and that Stengel simply refused to accept the law. The tax court thus concluded that Stengel was negligent because he did not make a reasonable attempt to comply with the Code.
 
 
 14
 On appeal, Stengel asserts that he and his lawyer "parted ways" for reasons irrelevant to the issues in this case. Even if this were true, for the reasons discussed below we conclude that the district court did not err by upholding the Commissioner's imposition of additions to Stengel's tax.
 
 
 15
 We agree with the tax court that Stengel's reliance on the book by J.K. Lasser and IRS Publication 547 was not reasonable. Neither of these publications is binding legal authority. Moreover, Publication 547 does not contain any language even remotely suggesting that Stengel could claim a casualty loss deduction for his type of injury.
 
 
 16
 Stengel contends that the additions were improper because the Commissioner mischaracterized the nature of his claimed deductions. We have already concluded the Commissioner was correct, however. See Marks, 390 F.2d at 599.
 
 
 17
 Stengel also contends the additions were improper because his case is distinguishable on the facts from the cases cited by the tax court.[6] Stengel, referring to the definition of "negligence" stated by the Commissioner, argues that the tax court's cases and his case do not involve "similar circumstances". See Allen, 925 F.2d at 353. Stengel misunderstands the test. The phrase "similar circumstances" does not refer to similarity between the facts in the cases cited by the tax court and the facts in this case. Rather, the question is whether a reasonable person would do what Stengel did if that person were faced with Stengel's circumstances, i.e., would a reasonable person in Stengel's position have claimed a casualty loss deduction for anticipated but unrealized future income? Thus, the fact that this case and the cases cited by the tax court involve dissimilar facts does not warrant reversal of the tax court's decision.
 
 
 18
 In sum, the tax court did not clearly err by finding that Stengel failed to make a reasonable attempt to comply with the Code. See 26 U.S.C. § 6662(c); Allen, 925 F.2d at 353. Thus, the tax court did not err by upholding the Commissioner's additions to Stengel's tax.
 
 AFFIRMED.[7]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Stengel commenced a medical malpractice action in California state superior court in 1974. That action was dismissed in 1985
 
 
 [2]
 Stengel claimed losses of $24,368 for 1987, $19,728 for 1988, and $43,828 for 1989
 
 
 [3]
 Section 165(c) provides:
 In the case of an individual, the deduction under subsection (a) shall be limited to--(1) losses incurred in a trade or business; (2) losses incurred in any transaction entered into for profit though not connected with a trade or business; and (3) except as provided in subsection (h), losses of property not connected with a trade or business or a transaction entered into for profit, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft.
 26 U.S.C. § 165(c) (1988).
 
 
 [4]
 After the Commissioner sent Stengel the notices of deficiency required under 26 U.S.C. § 6212 (1988), Stengel filed amended returns for each of the tax years in question. On the amended returns, Stengel claimed an even greater casualty loss for each year. Neither the tax court nor the Commissioner have made any determination as to Stengel's amended returns. We agree with the tax court, however, that because the only changes on the amended returns were the increases in the claimed losses and because Stengel is not entitled to the claimed deductions as a matter of law, the outcome here would be the same
 
 
 [5]
 In this case, the additions to Stengel's tax for tax years 1987 and 1988 were imposed pursuant to former section 6653 of the Code. In 1989, Congress amended section 6653 and eliminated the negligence penalty provisions from that section. See Omnibus Budget Reconciliation Act of 1989 ("Omnibus Act"), Pub.L. No. 101-239, § 7721(c)(1), 103 Stat. 2106, 2399-2400 (1989). For tax returns due after December 31, 1989, section 6662(b)(1) now provides the Commissioner's authority to impose negligence penalties. See 26 U.S.C. § 6662(b)(1) (Supp.1990); Omnibus Act, § 7721(d), 103 Stat. at 2395-97. Accordingly, the addition to tax imposed on Stengel for tax year 1989 was pursuant to section 6662(b)(1)
 
 
 [6]
 Stengel is referring to Marks, Hort, and Neely v. Commissioner, 85 T.C. 934, 947-48 (1985)
 
 
 [7]
 We deny Stengel's requests for costs, attorney's fees, and other expenses on appeal