T.C. Memo. 1997-257


UNITED STATES TAX COURT


RODNEY J. AND LORRAINA S. HUANG, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14667-96.                    Filed June 10, 1997.


Rodney J. and Lorraina S. Huang, pro se.

<u>David A. Winsten</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Chief Judge</u>:  Respondent determined deficiencies of $7,461 and $10,167 in petitioners' Federal income taxes for 1992 and 1993, respectively, and penalties of $1,492 and $2,033 under section 6662(a) for 1992 and 1993, respectively.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule

references are to the Tax Court Rules of Practice and Procedure. The issues for decision are whether petitioners are entitled to deduct expenses claimed on Schedules A, C, and E of their Forms 1040 for the years in issue and whether they are liable for the penalties determined by respondent.

FINDINGS OF FACT

Petitioners resided in Hawaii at the time that they filed their petition.

During 1992 and 1993, petitioners maintained journals of their expenditures by cash and by check, including but not limited to expenditures for meals at restaurants, for groceries, for items at department stores and at drugstores, for unidentified supplies, and for medical expenses. The recorded expenditures were transferred to a monthly summary. On the monthly summary, the majority of the expenditures, including auto expense, electricity, entertainment, laundry ($60 per month), rent, supplies, telephone, and water, were claimed to be "deductible". The monthly allocations recorded for 1992 and 1993 were as follows:

| Month | Total "Deductible" | Total "Personal" |
|-------|--------------------|-------------------|
| Jan.  1992 | $ 2,628.75 | $402.73 |
| Feb.  1992 | 1,900.82 | 467.15 |
| Mar.  1992 | 2,236.51 | 244.28 |
| Apr.  1992 | 2,035.30 | 289.15 |
| May   1992 | 8,102.56 | 100.75 |
| June  1992 | 3,202.55 | 202.76 |
| July  1992 | 3,347.10 | 176.81 |
| Aug.  1992 | 3,219.43 | 201.18 |
| Sept. 1992 | 2,786.08 | 175.78 |
| Oct.  1992 | 2,975.31 | 246.22 |
| Nov.  1992 | 3,077.19 | 226.70 |
| Dec.  1992 | 14,898.97 | 213.27 |
| Jan.  1993 | 4,149.40 | 234.20 |
| Feb.  1993 | 4,413.19 | 175.09 |
| Mar.  1993 | 4,650.48 | 126.61 |
| Apr.  1993 | 3,924.60 | 384.54 |
| May   1993 | 3,859.91 | 206.31 |
| June  1993 | 4,963.33 | 177.24 |
| July  1993 | 4,000.50 | 300.30 |
| Aug.  1993 | 3,985.91 | 368.72 |
| Sept. 1993 | 4,037.29 | 325.07 |
| Oct.  1993 | 3,831.84 | 102.68 |
| Nov.  1993 | 3,907.11 | 302.93 |
| Dec.  1993 | 11,336.90 | 263.92 |

On their Federal tax returns for 1992 and 1993, petitioners reported, among other things, the following items:

| Items | 1992 | 1993 |
|-------|------|------|
| Wages | $72,648.44 | $72,674.35 |
| Losses from Schedule C | 19,841.45 | 39,504.60 |
| Losses from Schedule E | 4,900.00 | 9,600.00 |

On Schedule A for 1992, petitioners claimed $10,920 in unreimbursed employee expenses, including $3,220 vehicle expense; $500 parking fees, tolls, and local transportation; $300 travel

expenses while away from home; and $3,600 meals and entertainment.

Petitioners' Schedules C reported that they were in a "telecommunications" business known as "Today's Enterprises". Petitioners reported no gross receipts from this business during 1992 or 1993 but claimed the following expenses:

| Items | 1992 | 1993 |
|---|---|---|
| Advertising | $ 240.00 | -- |
| Car and truck expenses | 2,200.00 | $ 11,080.98 |
| Office expense | -- | 1,718.62 |
| Rent | | |
|   Vehicles, machinery, and equipment | 3,120.00 | 5,800.00 |
|   Other business property | -- | 9,600.00 |
| Supplies | 4,417.92 | -- |
| Travel | | |
|   Meals and entertainment | 7,200.00 | 12,000.00 |
|   Enter 20% of line 24b subject to limitations | 1,440.00 | 2,400.00 |
|   Subtract line 24c from line 24b | 5,760.00 | 9,600.00 |
| Utilities | 1,277.66 | -- |
| Other expenses | | |
|   Equipment | 2,054.00 | 1,705.00 |
|   Publications | 635.87 | -- |
| Tentative profit (loss) | (19,841.45) | (39,504.60) |

The amounts claimed as losses on Schedules E attached to petitioners' returns for 1992 ($4,900) and 1993 ($9,600) represented $700 per month in 1992 and $800 per month in 1993 allegedly owed to petitioners by Today's Enterprises for rent beginning June 1992. Petitioners claimed the loss as rent not received because Today's Enterprises had no income. At least as

to 1993, the same amount was deducted as rent on petitioners' Schedule C.  The rents claimed were for petitioners' personal residence.

Respondent determined that petitioners' deductible losses were $2,954 for 1992 and $455 for 1993.  The remaining deductions claimed were disallowed because petitioners had not established that they paid or incurred the expenses during the years in issue or that the expenses were ordinary and necessary business expenses.

OPINION

Petitioners contend that they commenced a business in May 1992 and that all of the deductions claimed on their returns were correct.  They assert that their representations must be accepted and that the Internal Revenue Service (IRS) has "illegally" disallowed their deductions.  Notwithstanding the Court's attempt to direct their testimony to specific items, they simply persist in insisting that the Court require the IRS to "rescind and abate" the notice of deficiency.  Petitioners did not present any documents supporting their contentions that items listed in their journals were deductible.

Petitioners have the burden of proving that respondent's determination is erroneous.  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Rockwell v. Commissioner, 512 F.2d 882, 886 (9th Cir. 1975), affg. T.C. Memo. 1972-133.

Their assertion that their return was correct as filed has no evidentiary weight.  See <u>Wilkinson v. Commissioner</u>, 71 T.C. 633, 639 (1979).

Section 262 provides as follows:

SEC. 262.  PERSONAL, LIVING, AND FAMILY EXPENSES.

    (a) General Rule.--Except as otherwise expressly
provided in this chapter, no deduction shall be allowed
for personal, living, or family expenses.

    (b) Treatment of Certain Phone Expenses.--For
purposes of subsection (a), in the case of an
individual, any charge (including taxes thereon) for
basic local telephone service with respect to the lst
telephone line provided to any residence of the
taxpayer shall be treated as a personal expense.

The tax returns that they filed and the journals that petitioners

presented create a strong inference that petitioners have

improperly deducted many household and living expenses.  They

have failed to present evidence that would overcome this

inference.

Section 274(d) requires, with respect to entertainment

expenses, that taxpayers substantiate, among other things, the

business purpose of each expense and the business relationship to

the taxpayer of persons entertained.  Although they deducted

thousands of dollars each year for "entertainment", petitioners

have failed to substantiate any of those expenses as required by

section 274.  The amounts claimed apparently included in many

instances three meals a day for petitioners and their dependent

son.  Although they claim that they were entertaining potential

customers, this claim is inherently improbable.

Petitioner Rodney J. Huang testified that the total monthly

rent for petitioners' residence was $1,350 and that he allocated

$700 to business expense (for 1992; in 1993, the amount claimed

was $800 per month).  The records of "personal" items each month during the years in issue, however, showed less than the alleged personal portion of the rent.  Moreover, in addition to recording alleged business rent on Schedule C for 1993, petitioners claimed a rental loss on Schedule E because they did not recover the rent from the business.  Thus, the rent was deducted twice on that return.  In any event, a cash basis taxpayer cannot deduct as a loss income that was not received or previously reported.  See, e.g., Hort v. Commissioner, 313 U.S. 28, 32-33 (1941); Marks v. Commissioner, 390 F.2d 598 (9th Cir. 1968), affg. T.C. Memo. 1966-62.  Petitioners' claims regarding rent expense are patently untenable.

In addition, petitioners have not made the showing required to deduct expenses relating to business use of their home. Section 280A provides in pertinent part as follows:

> (a) General Rule.--Except as otherwise provided in this section, in the case of a taxpayer who is an individual or an S corporation, no deduction otherwise allowable under this chapter shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence.
>
> \* \* \* \* \* \* \*
>
> (c) Exceptions for Certain Business or Rental Use; Limitation on Deductions for Such Use.
>
> (1) Certain business use.--Subsection (a) shall not apply to any item to the extent such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis--

(A) as the principal place of business for any trade or business of the taxpayer,

(B) as a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or business, or

(C) in the case of a separate structure which is not attached to the dwelling unit, in connection with the taxpayer's trade or business.

In the case of an employee, the preceding sentence shall apply only if the exclusive use referred to in the preceding sentence is for the convenience of his employer.

*     *     *     *     *     *     *

(5) Limitation on deductions.--In the case of a use described in paragraph (1), (2), or (4), and in the case of a use described in paragraph (3) where the dwelling unit is used by the taxpayer during the taxable year as a residence, the deductions allowed under this chapter for the taxable year by reason of being attributed to such use shall not exceed the excess of--

(A) the gross income derived from such use for the taxable year, over

(B) the sum of--

(i) the deductions allocable to such use which are allowable under this chapter for the taxable year whether or not such unit (or portion thereof) was so used, and

(ii) the deductions allocable to the trade or business (or rental activity) in which such use occurs (but which are not allocable to such use) for such taxable year.

Petitioners have failed to satisfy any of the requirements of section 280A; specifically, they have failed to show that any portion of their residence was used exclusively for business. Moreover, because their alleged business had no income, they cannot deduct any of the costs of maintaining their home.

With respect to the employee business expenses claimed on Schedule A for 1992, petitioners presented neither explanation nor substantiation. The amounts claimed are again inherently unreasonable. Further, it appears that some of the items claimed on Schedule A were duplicated on Schedule C. Petitioners claimed on Schedules A and C for 1992 total meals and entertainment expenses of $10,800, which is approximately 15 percent of their total reported income for that year. Petitioners in 1992 claimed vehicle expenses relating to alleged business use of two cars, for a total of $5,420, but they did not provide any evidence of how the cars were used either in Mr. Huang's employment or in petitioners' telecommunications business.

Section 6662(a) provides, among other things, for a penalty equal to 20 percent of the portion of an underpayment attributable to negligence. Negligence is defined in section 6662(c) as follows:

> (c) Negligence.--For purposes of this section, the term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of this title, and the term "disregard" includes any careless, reckless, or intentional disregard.

Mr. Huang testified that petitioners did not consult any tax preparer, accountant, or lawyer with respect to the claims made on their returns.  On consideration of the record in this case, respondent's determination of the penalties must be sustained.

<u>Decision will be entered</u>

<u>for respondent</u>.